Hans C. SHERRER, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 99–71381.
Tax Ct. No. 15292–96.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2001.[*]

Decided March 7, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.

## MEMORANDUM **

■ The tax court upheld the Commissioner's determination that Taxpayer Hans C. Sherrer was liable for penalties, under 26 U.S.C. § 6651(f), for fraudulent failure to file income tax returns for tax years 1989 through 1992. Taxpayer appeals, challenging the tax court's finding of fraudulent intent. We review for clear error a tax court's finding of fraudulent intent. *Alexander Shokai, Inc. v.. Commissioner*, 34 F.3d 1480, 1486 (9th Cir.1994).

The tax court found fraudulent intent based on the following "badges of fraud": (1) failure to file tax returns; (2) maintenance of inadequate business records; (3) use of a false Social Security number to conceal income; (4) extensive use of cash to conceal assets and business dealings; and (5) failure to pay estimated taxes. The court also stated that Taxpayer's persistent failure to file returns, in view of his substantial income and previous conviction for tax evasion, was *by itself* sufficient evidence to support a finding of fraudulent intent, which the other "badges" only reinforced.

Taxpayer does not challenge any of those findings of "badges of fraud" (all of which are established by stipulated facts). Nor does he address the tax court's finding that, in the circumstances, the first of those "badges" alone was sufficient to support a finding of fraudulent intent. He argues only that the tax court (1) should not have considered evidence of Taxpayer's deposits and attempted deposits in a Bahamian bank account, which the tax court admitted under Federal Rule of Evidence 404(b) as evidence of "other acts," to show Taxpayer's intent to conceal income or assets from the IRS; and (2) should not have drawn a negative inference from Taxpayer's invocation of the Fifth Amendment privilege against self-incrimination in this civil proceeding.

■ We need not address Taxpayer's arguments on the merits because the tax court's errors, if any, were unquestionably harmless. The five "badges of fraud" that Taxpayer does not challenge on appeal were, by themselves, sufficient to support the tax court's finding of fraudulent intent. *See Alexander Shokai, Inc.*, 34 F.3d at 1487 (affirming tax court's finding of fraudulent intent based on four badges of fraud: underreporting income, keeping inadequate records, concealing income, and providing inconsistent explanations); *Edelson v. Commissioner*, 829 F.2d 828, 832 (9th Cir.1987) (affirming tax court's finding of fraudulent intent based on five badges of fraud: understating income, keeping inadequate records, failing to file returns, transferring assets to conceal income, and failing to cooperate with IRS agents). The tax court also made it clear that the first "badge" alone would have caused the court to make a finding of fraudulent intent, so the result would not have been different if the tax court had accepted Taxpayer's arguments. Even were we to accept Taxpayer's arguments, therefore, the tax court's finding of fraudulent intent was not clearly erroneous.

AFFIRMED.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.