T.C. Summary Opinion 2002-28

UNITED STATES TAX COURT

PETER AND MARY POSSAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5171-00S.                    Filed March 29, 2002.

Peter and Mary Possas, pro se.

<u>Monica J. Miller</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes of $7,297 in 1995 and $8,355 in 1996 and section 6662(a) accuracy-related penalties of $1,459.40 and $1,646, respectively. After concessions by both parties,[1] the issues for decision are: (1) Whether petitioners received unreported income of $8,355 in 1996; (2) whether petitioners are entitled to the claimed deductions for advertising expenses in 1995 and 1996; and (3) whether petitioners are liable for accuracy-related penalties for 1995 and 1996 under section 6662(a).

Some of the facts have been stipulated and are so found. Petitioners resided in Odessa, Florida, at the time they filed their petition.

## Background

Petitioner Peter Possas (Mr. Possas) worked as a manager at a Nissan automobile dealership during the years at issue. His wages in 1995 totaled $108,867.57 and in 1996 totaled $92,657.87. Mr. Possas paid for flyers to advertise the automobile dealership. The dealership had advanced him money to pay for a

---

[1] Respondent conceded the claimed employee business expense deduction for 1995 of $5,156.60. Respondent conceded that petitioners did not have unreported income in 1995. Petitioners conceded receipt of a taxable award from Mr. Possas's employer in 1996 of $2,637. Petitioners conceded that they were not entitled to a deduction for the "unidentified expenses" claimed on their 1995 return of $8,532.

portion of the advertising expenses and withheld money from his paycheck as an "account receivable" for repayment.  Mr. Possas's annual payroll statement for 1995 reflects an "account receivable" withheld of $5,156.60.  His annual payroll statement for 1996 indicates an "account receivable" withheld of $17,821.68.  Mr. Possas paid for the remainder of the advertising expenses separately, without the advanced funds from his employer.

Petitioner Mary Possas (Mrs. Possas) was a licensed cosmetologist.  She had worked as a hairdresser in a salon before 1995 but started working independently in 1995 as a way to make friends.  She worked either at an area in the kitchen in her home or at the home of a client.  The schedule of approximate charges for her hairdressing activity was as follows:

| Service | Approximate Charge |
|---------|--------------------|
| Adult haircut | $7 - 10 |
| Child haircut | 5 |
| Blow-dry | 7 |
| Permanent with haircut | 30 - 40 |
| Hair color | 20 - 30 |

Clients paid her either in cash or with a check.  Mrs. Possas usually did not receive tips from her clients.

Mrs. Possas purchased various supplies, such as shampoo, conditioner, permanent solution, and hair color, at either a beauty supply store or at another store.  She maintained a supply

of towels, gloves, brushes, hair spray, and rollers and owned a blowdrier and a "bonnet" style hairdrier.

Petitioners maintained and produced certain records such as calendars used as appointment books for 1995 and 1996, photocopies of canceled checks, and a copy of a journal in which petitioners noted expenses (apparently both personal and hairdressing related) from November 1995 through the end of 1996 and mileage for Mrs. Possas's automobile. Her appointment books indicate that she had 276 appointments in 1995 and 347 in 1996. Many of the appointments in her appointment books indicate the services performed for her client (e.g., "perm", "hilite", and "H/C"). She did not maintain a separate bank account for her hairdressing activity.

Petitioners filed their Federal income tax returns for 1995 and 1996 as married filing jointly.[2] Petitioners estimated the income reported and expense deductions claimed on their returns because they failed to keep accurate records of income or expenses associated with the hairdressing activity. Petitioners attached Form 2106, Employee Business Expenses, to Schedule A,

---

[2] The record in this case does not contain a copy of petitioners' 1995 Federal income tax return. Rather, the record contains an "RTVUE" for 1995. An RTVUE is the Commissioner's record of line items from Forms 1040, 1040A, 1040EZ, and accompanying schedules. The RTVUE is created as the returns are processed at the service center. We assume for purposes of this case that items and amounts reflected on this document are identical to petitioners' 1995 income tax return and, for convenience, shall refer to it as petitioners' 1995 return.

Itemized Deductions, and claimed deductions for unreimbursed employee business expenses for the advertising expenses. Petitioners reported income and claimed expenses for the hairdressing activity on Schedule C, Profit or Loss From Business, in the following amounts:

| Type | 1995 | 1996 |
|------|------|------|
| Schedule A expenses: | | |
| Employee business expenses (advertising) | $29,585 | $22,227 |
| | | |
| Schedule C income: | | |
| Gross receipts | 3,600 | 3,600 |
| Cost of goods sold | (2,600) | (2,600) |
| Gross income | 1,000 | 1,000 |
| | | |
| Schedule C expenses: | | |
| Car and truck | 6,900 | 6,510 |
| Legal and professional services | 100 | 100 |
| Travel | 40 | 40 |
| Expenses for business use of home | 293 | 666 |
| Commissions and fees | – | 750 |
| Advertising | – | 250 |
| Insurance | – | 675 |
| Interest | – | 1,400 |
| Office expenses | – | 100 |
| Taxes and licenses | – | 650 |
| Unexplained expenses | [1]8,532 | 100 |
| Total | [2]15,572 | 11,241 |
| | | |
| Net income (loss) | (14,865) | ([3]10,141) |

[1]  As noted above, petitioners conceded that they are not entitled to the claimed "unexplained expenses" in 1995.
[2]  We note that the total of these items is actually $15,865.  The record does not provide an explanation as to the discrepancy.
[3]  The actual amount should be ($10,241).  The record does not provide a basis for the discrepancy.

Respondent's Determination of Omitted Income for 1996

Respondent first examined petitioners' 1996 tax return. Respondent allowed the claimed advertising expense with respect to Mr. Possas's activity; however, respondent disallowed the claimed expenses relating to the hairdressing activity. Respondent also reconstructed petitioners' income and prepared a bank deposit analysis. The examiner totaled the deposits made in 1996 into each of petitioners' bank accounts and then traced these deposits to known sources of income, such as wages reported on the return and Forms W-2, Wage and Tax Statement, prizes and awards, redeposited liquidated certificates of deposit (CDs), and transfers between accounts. Respondent assumed that the unexplained deposits were the gross receipts from Mrs. Possas's hairdressing activity.

The examiner concluded that petitioners were "entitled to some form of expense, because you cannot be a beautician without having to spend something". The examiner used statistics from the Bureau of Labor Statistics (BLS) to calculate the "profit margin" for a beautician using a "gross profit percentage", which was 65 percent, and applied this profit margin to the reconstructed gross receipts.[3] This application resulted in

---

[3] Respondent used figures for beauticians available from the Bureau of Labor Statistics from a document entitled "Sole Proprietorship Returns from 1994". The figures are for net income and take average industry expenses into consideration.

unreported income of $12,815 ($19,715 x 65 percent).[4]

Advertising Expense Deduction for 1995

The examiner allowed the claimed advertising expense deduction of $29,585 in full for 1995. The examiner compared Mr. Possas's wages in 1996 ($92,657.87) to his advertising expenses in 1996 ($22,227), and applied this ratio to Mr. Possas's wages in 1995 ($108,867.57).

Respondent had not questioned the advertising expense deduction for 1995 before trial, and until the morning of trial, petitioners had not produced records substantiating the expense. At trial, respondent claimed that petitioners were not allowed $24,429 of the claimed expense deduction.

## Discussion

### 1. Burden of Proof

Generally the taxpayer bears the burden of proof. Rule 142(a)(1). If the Commissioner raises an issue that was not raised in the notice of deficiency, the Commissioner bears the burden of proof with respect to that issue. Id.

When the Commissioner determines that a taxpayer received unreported income, the taxpayer bears the burden of proof if the determination in the notice of deficiency is "supported by 'some

_____

[4] Respondent reconstructed petitioners' 1995 omitted income using the unexplained deposits for 1996. As indicated, respondent conceded this adjustment for the 1995 tax year before trial.

evidentiary foundation linking the taxpayer to the alleged income-producing activity.'" Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993) (quoting Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977)), affg. T.C. Memo. 1991-636. The Commissioner need only provide a minimal showing. Id. Once the Court determines that the Commissioner provided the minimal evidentiary showing, the taxpayer then bears the burden of proving that the notice of deficiency is arbitrary or erroneous. Gatlin v. Commissioner, 754 F.2d 921, 923 (11th Cir. 1985) (citing Jackson v. Commissioner, 73 T.C. 394, 401 (1979)), affg. T.C. Memo. 1982-489.

Section 7491, enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, which can shift the burden of proof from the taxpayer to the Commissioner, is not applicable to this case because petitioners' audit commenced in April 1998, which predates July 22, 1998, the effective date of section 7491.

Petitioners had two main sources of income, Mr. Possas's wages for his position as a manager and Mrs. Possas's hairdressing activity. Because petitioners kept no records as to their income or expenses from the hairdressing activity, they estimated these amounts on their returns. We find that respondent has provided the required evidentiary foundation

sufficient to link petitioners to the receipt of additional income from Mrs. Possas's hairdressing activity, and the determination in the notice of deficiency was neither arbitrary nor erroneous. See Blohm v. Commissioner, supra at 1548-1549. Accordingly, petitioners bear the burden of proof with respect to the unreported income for 1996.

Respondent claimed at trial that petitioners are not entitled to the previously allowed advertising expense deduction of $29,585 for 1995. Rather, they are entitled to a deduction of only $5,156.60 (i.e., the amount that petitioners substantiated and respondent conceded). Because this is a new matter, respondent bears the burden of proof with respect to the disallowed portion of the claimed advertising expense deduction of $24,428.40. Rule 142(a)(1).

2. Unreported Income

We must first decide whether respondent's determination that petitioners had unreported income in 1996 is reasonable. Gross income includes all income from whatever source derived. Sec. 61(a). Generally, a taxpayer is required to maintain adequate books and records of income. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

When a taxpayer has failed to provide adequate records substantiating income, the Commissioner is authorized to reconstruct the taxpayer's income by using any reasonable method

that clearly reflects income, including an indirect method. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). The reconstruction need only be reasonable in light of all facts and circumstances. Clayton v. Commissioner, 102 T.C. 632, 643 (1994); Giddio v. Commissioner, 54 T.C. 1530, 1532 (1970).

The Commissioner is authorized to use bank deposit records to reconstruct a taxpayer's income. Clayton v. Commissioner, supra at 645. Bank deposits are prima facie evidence of income. Id. In calculating a taxpayer's taxable income, the Commissioner must take into account any deductible expense of which he has knowledge. Id. at 645-646 (citing DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992)).

The Commissioner's use of data compiled by BLS is an acceptable and reasonable method of reconstructing net income. Pollard v. Commissioner, 786 F.2d 1063 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Giddio v. Commissioner, supra. Statistics from BLS provide an estimate of the taxpayer's net business income and take into account business deductions. Sherrer v. Commissioner, T.C. Memo. 1999-122, affd. 5 Fed. Appx. 719 (4th Cir. 2001).

The examiner sought to reconstruct petitioners' income and expenses using bank records only after petitioners could not substantiate their income and expenses. After the examiner totaled the deposits into petitioners' bank accounts in 1996, she

subtracted from this amount known deposits, including CDs that petitioners had liquidated.

Petitioners made an attempt to explain the source of funds in their bank accounts. Mr. Possas testified that they had purchased CDs at First Union Bank and cashed them in to use as a downpayment on a house that they purchased in 1995. Mr. Possas's testimony was vague. The bank records that petitioners produced to the Court, which purportedly show that the CDs they liquidated were deposited into their bank accounts, do not clearly account for the deposits. We are not convinced that petitioners cashed in CDs in excess of $7,064, which is the amount that respondent identified and gave petitioners credit for in calculating unreported income. See Clayton v. Commissioner, supra at 646.

Petitioners provided a copy of Mrs. Possas's appointment book that reflects the 347 hairdressing appointments in 1996 and also indicates many of the services performed for her clients. Mrs. Possas testified as to the prices of the various services she performed. Thus, there is a basis in petitioners' records for an estimate of their income, if not precise as to the total amount of income, then at least accurate with respect to those known appointments. Petitioners made no effort, however, to calculate their income from the hairdressing activity.

Respondent used BLS statistics to calculate petitioners' net income for the 1996 tax year for the hairdressing activity because petitioners' records were inadequate.  By relying on the BLS statistics, respondent allowed petitioners' deductions for expenses based on industry statistics but did not rely on petitioners' actual and substantiated expenses.  The examiner testified that "The only thing I was provided with substantially was a handful of checks for what was supposed to be expenses for her for the business."  Petitioners did not provide the Court with additional information to substantiate their expenses, such as receipts or testimony.

Respondent's use of the bank deposit analysis and BLS statistics to reconstruct income for 1996 is reasonable. Respondent's determination in this regard is sustained.

3.  <u>Advertising Expenses</u>

Generally, a taxpayer is allowed a deduction for ordinary and necessary advertising expenses under section 162 and section 1.162-1, Income Tax Regs.  Only those business expenses greater than the amounts advanced or reimbursed by the employer are deductible by the employee under section 162 and section 1.162-17(b)(3) or (c), Income Tax Regs.

Petitioners claimed an advertising expense deduction for the 1995 tax year as an unreimbursed employee business expense deduction.  As indicated, respondent bears the burden of proof on

this issue.  Respondent was unable to provide the Court with any facts indicating that petitioners are not entitled to the claimed deduction.  Rather, respondent admitted that the examiner initially allowed the claimed deduction in full for the 1995 year on the basis of the application of a ratio of the same expense for petitioners' 1996 year.

Accordingly, petitioners are allowed the full amount of the claimed advertising expense deduction for the 1995 year.

4.  Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty for 1995 and 1996 under section 6662(a) because of negligence or disregard of rules or regulations or substantial understatement.  The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to, among other choices, the taxpayer's negligence or disregard of rules or regulations or any substantial understatement of income tax. Sec. 6662(a) and (b).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code and any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  A taxpayer has a substantial understatement of income tax if the

amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

The penalties provided for in section 6662 are not imposed on any portion of an underpayment if it is shown that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. Whether the taxpayer has acted with reasonable cause and in good faith is determined by relevant facts and circumstances, including the taxpayer's own efforts to assess his proper tax liability. Sec. 6664(c); Stubblefield v. Commissioner, T.C. Memo. 1996-537.

Petitioners conceded that they are not entitled to a claimed deduction in 1995 of $8,532. Petitioners failed to provide a basis or an explanation for the claimed deduction. We conclude that they are liable for the section 6662(a) accuracy-related penalty.

Petitioners admitted that they estimated income and expenses from the hairdressing activity on their 1996 return. Petitioners produced a limited number of relevant documents (e.g., copies of canceled checks, copies of appointment books, and copies of a journal of certain expenses). Petitioners also conceded receipt of a taxable award from Mr. Possas's employer for 1996.

As indicated above, petitioners possessed facts sufficient to allow them to estimate their income and expenses with respect to the hairdressing activity.  Petitioners failed to make any attempt to calculate their income and expenses for 1996. Accordingly, they are liable for the section 6662(a) accuracy-related penalty for 1996.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.