T.C. Memo. 2013-47

UNITED STATES TAX COURT

MICHAEL JACK STEPHENS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1168-11.                    Filed February 11, 2013.

Michael Jack Stephens, pro se.

James H. Brunson III, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  After concessions, the issues for decision relating to 2005,

2006, 2007, and 2008 are whether petitioner is liable for income tax deficiencies

and for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect during the years in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

[*2]                          FINDINGS OF FACT

Petitioner Michael Jack Stephens was a truck driver and the sole owner of Stephens Southern Express, Inc. (SSEI), a subchapter S corporation. SSEI timely filed Forms 1120S, U.S. Income Tax Return for an S Corporation, and reported $126,936, $121,227, $132,617, and $35,996 of income relating to 2005, 2006, 2007, and 2008 (years in issue), respectively. Respondent conducted an audit of these returns; disallowed, for lack of substantiation, SSEI's claimed deductions; and determined that, as a result, petitioner had S corporation income relating to the years in issue. Respondent further determined that petitioner had unreported wage income relating to 2008.

On October 19, 2010, respondent sent petitioner notices of deficiency determining income tax deficiencies of $27,753, $25,909, $28,794, and $3,675, relating to 2005, 2006, 2007, and 2008, respectively. Respondent also determined that petitioner was liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654. On January 13, 2011, petitioner, while residing in Georgia, filed his petition with the Court.

OPINION

A shareholder of an S corporation is required to take into account a proportionate share of the S corporation's items of income, loss, deduction and

[*3] credit.  See secs. 1363, 1366(a)(1).  Petitioner concedes that he was the sole shareholder of SSEI, he received $136 of wage income in 2008, and SSEI received income during the years in issue as reported on its Forms 1120S.  During audit and at trial petitioner did not present evidence regarding SSEI's disallowed expenses.[2]  Accordingly, respondent's deficiency determinations are sustained.

Respondent further determined that petitioner was liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654.  Paragraphs (1) and (2) of section 6651(a) provide that a taxpayer shall be liable for additions to tax for failure to timely file a return and failure to timely pay tax, unless it is shown that such failure was due to reasonable cause and not willful neglect.  Unless one of the section 6654(e) exceptions applies, a section 6654(a) addition to tax is imposed when estimated tax payments do not equal the percentage of total liability required to be paid.  See Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Respondent bears, but did not meet, the burden of producing evidence that it is appropriate to impose an addition to tax.  See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 206 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). The parties did not submit a stipulation of facts, and respondent did not introduce

---

[2]Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

**[*4]** evidence that petitioner failed to file returns, that respondent prepared substitutes for returns, or that petitioner failed to timely pay tax. Accordingly, we reject respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u> <u>Rule 155</u>.