T.C. Memo. 2014-105

UNITED STATES TAX COURT

JAMES C. MILLER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8505-13.                    Filed June 2, 2014.

James C. Miller, Jr., pro se.

<u>Scott Lyons</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  For petitioner's 2007, 2008, and 2009 tax years, the

Internal Revenue Service (IRS) determined deficiencies in Federal income tax and

[*2] additions to tax under sections 6651(a)(1) and (2) and 6654(a) in the following amounts:[1]

|        |            | Additions to tax |                |           |
| Year   | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2) | Sec. 6654 |
|--------|------------|------------------|-----------------|-----------|
| 2007   | $22,312    | $5,020           | $5,578          | $1,015    |
| 2008   | 23,870     | 5,371            | to be determined | 767      |
| 2009   | 16,798     | 3,780            | to be determined | 402      |

The issues for decision are: (1) whether petitioner received but failed to report nonemployee compensation (we hold that he did); (2) whether petitioner is entitled to deduct alleged expenses reported on Schedules C, Profit or Loss From Business (we hold that he is not); (3) whether petitioner is liable for additions to tax pursuant to section 6651(a)(1) for failing to timely file Federal income tax returns (we hold that he is); (4) whether petitioner is liable for additions to tax pursuant to section 6651(a)(2) for failing to timely pay Federal income tax (we hold that he is); (5) whether petitioner is liable for additions to tax pursuant to section 6654 for failure to pay estimated Federal income tax (we hold that he is); and (6) whether petitioner engaged in behavior warranting the imposition of a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure (Rules). All monetary amounts are rounded to the nearest dollar.

**[*3]** penalty pursuant to section 6673(a) (we hold that he did but will refrain from imposing a penalty).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Georgia.

Petitioner was self-employed and engaged in various jobs as a handyman and maintenance worker. Petitioner's primary trade was roofing, but he also performed sheet rock repairs, minor plumbing, and painting for various businesses. During the tax years at issue petitioner admitted that he performed such tasks for Georgia Farm Bureau Mutual Insurance Co. (Georgia Farm Bureau), which hired him to repair storm damage to properties it insured. He admitted that he also performed such tasks for Belk & Co., which hired him to do maintenance and repairs on real estate it owned.

Petitioner failed to file a Form 1040, U.S. Individual Income Tax Return, for 2006, 2007, 2008, or 2009. The IRS received information returns, Forms 1099-MISC, Miscellaneous Income, reporting that petitioner during these years received payments from the following payors in the following amounts:

| [*4] Payor | 2007 | 2008 | 2009 |
|---|---|---|---|
| Georgia Farm Bureau | $44,214 | $16,108 | $3,240 |
| Belk & Co. | 29,799 | 63,562 | 31,951 |
| Crystal Products Co. | 1,140 | -0- | -0- |
| Regions Bank | -0- | -0- | 865 |
| Wells Fargo Bank | -0- | -0- | 26,429 |
| Total | 75,153 | 79,670 | 62,485 |

Using this information, the IRS prepared substitutes for returns (SFRs) for 2007, 2008, and 2009 that met the requirements of section 6020(b). These returns included as income the nonemployee compensation listed above and allowed a standard deduction for a single filer and one exemption.

On January 23, 2013, respondent issued petitioner a notice of deficiency for 2007, 2008, and 2009 based on the SFRs and a separate notice of deficiency for 2010 and 2011. Petitioner filed a timely petition in this Court from the 2007-09 notice and alleged errors for those years, but he did not petition from the 2010-11 notice. Thus, the years at issue are limited to 2007-09.[2]

---

[2]On December 2, 2013, petitioner sought to put the 2010-2011 tax years into issue by moving to amend his petition for 2007-09. This motion failed to comply in several respects with this Court's Rules; petitioner was given 30 days to file a properly signed motion and lodge an amended petition, but he did neither. In any event, even if a proper motion for leave to amend were before us, we would deny it. Petitioner's motion for leave to amend his 2007-09 petition could not have

(continued...)

**[\*5]**   On September 6, 2013, this case was calendared for trial in Columbia, South Carolina.  Concurrently with the notice of trial, the Court mailed petitioner its standing pretrial order which requires the parties, among other things, to stipulate facts to the maximum extent possible.  Petitioner was advised that if failure to stipulate is due to lack of cooperation by either party, "the Court may order sanctions against the uncooperative party."  During the discovery phase, respondent served petitioner with requests for admissions, asking him to admit that he received specified amounts of income from specified payors as set forth above.  To each such request, petitioner responded that he "can neither admit nor deny" receiving the amounts in question.

Having received no cooperation from petitioner, respondent served subpoenas duces tecum on the entities that had reported paying nonemployee compensation to him during 2007-09.  On January 22, 2014, petitioner filed a motion to quash these trial subpoenas.  Four entities receiving subpoenas subsequently provided relevant documents to respondent.  On January 28, 2014, petitioner filed a motion in limine to preclude respondent from introducing at trial any documen-

---

[2](...continued)
provided the Court with jurisdiction over his 2010 or 2011 tax year because it was filed more than 90 days after the IRS mailed the notice of deficiency for 2010-11. See O'Neil v. Commissioner, 66 T.C. 105, 107 (1976).

**[\*6]** tary evidence produced pursuant to the subpoenas. On February 5, 2014, the Court denied both motions because the evidence was relevant and because petitioner had refused to cooperate in preparing the case for trial and refused to provide meaningful answers to respondent's request for admissions. Both motions were frivolous and appear to have been interposed for purposes of delay.

Petitioner refused to stipulate that he received any specific amounts of money from the five payors listed above. He contends that he incurred various expenses related to his Schedule C handyman business. But he failed to produce any business records or other documentary evidence to establish the nature of these expenses or substantiate the amounts thereof.

## OPINION

### I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). For the presumption to adhere in cases involving receipt of unreported income, the deficiency determination must be supported by "some evidentiary foundation linking the taxpayer to the alleged income-producing activity." See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636. The

[*7] taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Respondent bears the burden of production, but petitioner bears the burden of proof, with respect to the additions to tax under sections 6651 and 6654. See sec. 7491(c).

II.    Gross Income

Section 61(a) defines gross income as "all income from whatever source derived" and includes compensation for services, whether furnished by the taxpayer as an employee, a self-employed person, or an independent contractor. A taxpayer must maintain books and records establishing the amount of his or her gross income. See sec. 6001. If a taxpayer fails to maintain the required books and records, the Commissioner may determine the taxpayer's income by any method that clearly reflects income. See sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989). The Commissioner has great latitude in reconstructing a taxpayer's income, and the reconstruction "need only be reasonable in light of all surrounding facts and circumstances." Petzoldt, 92 T.C. at 687. The Commissioner may reconstruct a taxpayer's income using third-party information returns. See

**[*8]** <u>Parker v. Commissioner</u>, 117 F.3d 785 (5th Cir. 1997); <u>Ketler v. Commissioner</u>, T.C. Memo. 1999-68.

Respondent determined petitioner's gross income using Forms 1099-MISC supplied by five payors. Respondent introduced transcripts of petitioner's account confirming that the IRS had received these Forms 1099-MISC. Respondent also introduced into evidence certified third-party records establishing the payments to petitioner.[3] These documents satisfy respondent's burden to produce some evidentiary foundation linking petitioner with the alleged income-producing activity, and it was thus petitioner's burden to prove these determinations erroneous. Petitioner put on no evidence apart from his own testimony, and he did not meet his burden of proving he had not received the unreported income.[4]

---

[3]The Georgia Farm Bureau records included a Form W-9, Request for Taxpayer Identification Number and Certification, that petitioner completed at its request, a list of payments made to petitioner, and copies of checks made out to petitioner. The Belk & Co. records included copies of Forms 1099-MISC issued to petitioner and a list of payments made to him. The Crystal Products Co. records included a copy of the Form 1099-MISC issued to petitioner and a copy of the check issued to him.

[4]Section 6201(d) provides that the IRS in certain circumstances cannot rely solely on information returns to establish unreported income but "shall have the burden of producing reasonable and probative information" in addition thereto. This provision applies only were the taxpayer "asserts a reasonable dispute with respect to any item of income reported on an information return" and only if "the taxpayer has fully cooperated with the Secretary." Petitioner has not asserted "a

(continued...)

**[*9]**   After initially disputing that he had received any of the income in question, petitioner conceded that he had done substantial work during the tax years at issue for Georgia Farm Bureau and Belk & Co.  With respect to Crystal Products Co., respondent submitted a Form 1099-MISC reporting payment to petitioner of $1,140 in 2007, together with canceled checks payable to petitioner for "indirect labor costs."  Petitioner's only response was that he did not remember that job.  With respect to Regions Bank, respondent submitted a Form 1099-MISC reporting payment to petitioner of $865 in "nonemployee compensation" during 2009.  Petitioner revealed familiarity with the local business activities of Regions Bank but said he had no recollection of receiving this money.

With respect to Wells Fargo Bank, respondent submitted a Form 1099-MISC reporting payment to petitioner of $26,429 in "nonemployee compensation" during 2009.  Petitioner testified that he had a mortgage with Wachovia Bank, which was acquired by Wells Fargo, and he speculated that the Form 1099-MISC might somehow have been connected with his mortgage.  But the IRS transcript of

---

[4](...continued)
reasonable dispute" concerning the accuracy of any information return and has utterly failed to cooperate with the IRS.  In any event, respondent supplied third-party business records to corroborate the information shown on most of the Forms 1099-MISC.

**[*10]** his account separately shows mortgage interest paid to Wachovia Bank in 2008 and 2009. The Form 1099-MISC was furnished by a separate entity, Wells Fargo Bank NA, and it distinctly reports a 2009 payment to petitioner of "nonemployee compensation."

Petitioner's testimony at trial was vague, inconsistent, and unconvincing. He produced no evidence that casts doubt on the accuracy of the information set forth in the Forms 1099-MISC and in the payors' business records. We accordingly conclude that the amounts set forth in the notice of deficiency are properly includable in petitioner's gross income for 2007-09. See, e.g., Lamb v. Commissioner, T.C. Memo. 2013-155.

III.    Schedule C Deductions

A taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," but he must maintain sufficient records to substantiate such expenses. Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that deductible expenses were incurred but fails to establish the precise amounts, we may estimate allowable amounts in appropriate circumstances. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, there must be evidence in the record

**[\*11]** that provides a rational basis for such an estimate. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Petitioner provided the Court with no documentary evidence in the form of invoices, receipts, bank records, or credit card statements to support his claimed deductions. His testimony concerning his purported records was inconsistent. At first, he said he was too busy to keep records; he later asserted that his records were lost during a household move incident to a marital breakup. He provided no evidence to establish the categories of business expenses that he incurred or the relative volume of expenses within any category.

Having presented the Court with no evidence of his actual expenses, petitioner asserted that he should be allowed deductions on the basis of a flat percentage of his gross income under the <u>Cohan</u> rule. According to petitioner: "You can claim a percentage of business expenses and profit for a business enterprise even if you have no records to substantiate your business expenses. For example, a plumbing subcontractor could claim as expenses 60% of the form 1099s that the IRS received from the contractors." To support his claimed deductions, petitioner sought to move into evidence, over respondent's objection, a document purporting to show average costs of roofers nationwide. This document was not admitted into evidence because petitioner failed to exchange it

**[\*12]** with respondent before trial, as required by the standing pretrial order. See Rules 104(c)(2), 123(b), 131(b); Moretti v. Commissioner, 77 F.3d 637, 644 (2d Cir. 1996).

In any event, we are not obligated to make an estimate under the Cohan rule in these circumstances. Petitioner produced no evidence to establish the categories or volume of his expenses, the terms of his contracts with the businesses for which he worked, or the percentage of his work that actually involved roofing. He refused to cooperate with the Commissioner to prepare this case for trial; he made no meaningful effort to substantiate the expenses underlying the claimed deductions; and he produced no documentary evidence from which the Court could extrapolate a reasonable estimate of his business expenses. See Stephens v. Commissioner, __ Fed. Appx. __, No. 13-14235, slip op. at 4-5 (11th Cir. May 8, 2014) (refusing to apply the Cohan rule where the taxpayer provided no receipts of his claimed expenses and only general testimony about them), aff'g T.C. Memo. 2013-47; Lerch v. Commissioner, 877 F.2d 624, 627-629 (7th Cir. 1989) (refusing to apply the Cohan rule where the taxpayer failed to present evidence to support the claimed deductions), aff'g T.C. Memo. 1987-295; Ellis Banking Corp. v. Commissioner, 688 F.2d 1376, 1383 (11th Cir. 1982), aff'g in part, remanding in

**[\*13]** part T.C. Memo. 1981-123. Because petitioner did not meet his burden of substantiation, we sustain respondent's disallowance of his claimed deductions.

IV.    Additions to Tax

    A.    Failure To File

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. A taxpayer who files his return late is liable for this addition to tax unless he shows that his failure was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent produced IRS transcripts of petitioner's account showing that he did not file a return for 2007, 2008, or 2009, and petitioner stipulated that he failed to file returns. His only excuse was his assertion that "no income tax return was necessitated to be filed." However, his nonemployee compensation during the years at issue far exceeded the minimum amount of gross income requiring a return to be filed. See sec. 6012(a). We accordingly sustain respondent's imposition of the addition to tax under section 6651(a)(1).

**[*14]** B.    Failure To Pay

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay the tax shown on a return timely, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  An SFR prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g).  For each month or fraction thereof for which a failure to pay continues, section 6651(a)(2) adds 0.5% of the tax required to be shown on such return, up to a maximum addition of 25%.

Petitioner stipulated that the SFRs prepared by the IRS for 2007, 2008, and 2009 met the requirements of section 6020(b).  Those returns indicate deficiencies and balances due of $22,312, $23,870, and $16,798, respectively.  Petitioner presented no evidence suggesting that his failure to pay was due to reasonable cause. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  We accordingly sustain the section 6651(a)(2) additions to tax.

C.    Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.  The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment."  Sec.

**[\*15]** 6654(d). The "required annual payment" is equal to the lesser of: (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year) or (2) if the individual filed a valid return for the immediately preceding taxable year, 100% of the tax shown on that return. See sec. 6654(d)(1)(A), (B), and (C). A taxpayer has an obligation to pay estimated tax only if he has a "required annual payment." Wheeler v. Commissioner, 127 T.C. 200, 212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent's burden of production under section 7491(c) requires him to produce, for each year for which the addition is asserted, evidence that the taxpayer had a "required annual payment" under section 6654(d). To do so, respondent must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. See Wheeler, 127 T.C. at 212; Schlussel v. Commissioner, T.C. Memo. 2013-185.

Respondent met his burden of production because petitioner stipulated that he did not file a return for 2006, 2007, 2008, or 2009. Petitioner's "required annual payment" thus equaled 90% of the tax due for each year. See sec. 6654(a), (d)(1)(B). Petitioner stipulated that he paid no estimated tax for any year. We accordingly sustain the section 6654(a) additions to tax.

**[*16]** V.     <u>Frivolous Position Penalty</u>

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears that: (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. Although petitioner did not advance classic "tax-protester" arguments, he engaged in various tactics, including action and inaction, designed to delay these proceedings and waste the resources of the Internal Revenue Service and the Court. Although a section 6673(a)(1) sanction would be justified, we will refrain from imposing a penalty now because this appears to be petitioner's first appearance in this Court. We warn petitioner that we will be less generous if there is a next time.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.