William E. GATLIN and Marilyn B. Gatlin, Petitioners-Appellants,

and

James M. Winge and Willie B. Winge, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83–3448.

United States Court of Appeals, Eleventh Circuit.

March 5, 1985.

Robert S. Bolt, Tampa, Fla., for petitioners-appellants.

Michael L. Paup, Chief, Glenn L. Archer, Asst. Atty. Gen., Richard W. Perkins, William P. Wang, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for respondent-appellee.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS *, District Judge.

PER CURIAM:

Taxpayers appeal from the decision of the United States Tax Court finding taxpayers liable for varying amounts of deficiencies in income taxes for the years 1973, 1974, and 1975.[1] Two of the taxpayers, William E. Gatlin and James M. Winge, were among eight original stockholders of the Insurex Corporation. During 1973, 1974, and 1975, the taxpayers donated some of their Insurex stock to certain qualified charities. Based upon these contributions, the appellants claimed charitable deductions on their joint Federal Income Tax returns. Upon reviewing the returns, the Commissioner of Internal Revenue determined the fair market value of the Insurex stock contributed to be zero and disallowed the deductions. The taxpayers appealed this ruling to the Tax Court for a decision on the fair market value of the Insurex stock contributed. Both the Commissioner and taxpayers produced expert witnesses on this issue. The government's expert witness testified that the Commissioner's previous finding of zero value for the Insurex stock had no factual basis. The expert then stated that in his opinion the value of Insurex stock was 80 cents in 1973, 54 cents in 1974 and 49 cents in 1975. The Tax Court found, however, that the valuation method used by this expert witness was "inherently flawed" and "unreliable."

The taxpayers' expert witness placed the value of Insurex stock at $7.50 for 1973 and 1974, and $4.69 for 1975. As was the case with the government's expert, the Tax Court was "not convinced" that the taxpayers' method properly reflected the fair market value of the Insurex stock on the dates of contribution. After examining the entire record and weighing the evidence, the Tax Court found the fair market value of Insurex stock to be $2.00 per share during 1973 and 1974 and $1.00 per share during 1975.

On appeal, the taxpayers challenge the Tax Court's findings on the basis that they were clearly erroneous. However, petitioners do not challenge the fair market value

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. The Tax Court determined deficiencies in William E. and Marilyn B. Gatlin's income taxes for 1973, 1974 and 1975 in the amounts of $5,159.44, $11,661, and $11,808.02, respectively. Deficiencies in James M. and Willie B. Winge's income taxes for the same years were determined to be $11,001, $11,000, and $11,250, respectively.

determination of the Tax Court per se. Rather, they allege that the Commissioner's original deficiency notice was arbitrary, excessive, and without a rational basis or foundation, and therefore, the burden of proof with respect to valuation was shifted to the government.[2] The crux of the taxpayers' argument on appeal is that the failure of the Tax Court to shift the burden of proof inherently prejudiced the court's findings and effectively gave the totality of the taxpayers' evidence less weight than it was due.

■ In view of the facts of this case and the proceedings below, petitioners' appeal is unavailing. As noted by the Tax Court, when a petitioner asks the court to find a deficiency notice arbitrary, excessive, and without a rational basis or foundation the request essentially asks the court to review the evidence, motives, policies or procedures that may influence the Commissioner in making his determination. As a general rule, the Tax Court will not honor such a request. See Conforte v. Commissioner, 74 T.C. 1160 (1980); Llorente v. Commissioner, 74 T.C. 260 (1980). The rationale for this general rule, as stated by the Tax Court is well settled, "a trial before the Tax Court is a proceeding de novo; our determination of a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level." Conforte v. Commissioner, 74 T.C. 1160, 1177 (1980); Jackson v. Commissioner, 73 T.C. 394, 400 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974). This rationale clearly encompasses the appellants' case. The Tax Court conducted a de novo review based upon the existing record and evidence produced before the court. The Tax Court then made its own findings of fact based upon the evidence.

There is no basis upon which to argue that the court's refusal to shift the burden of proof results in these findings being clearly erroneous.

■ In determining which party bears the burden of proof, it is necessary to differentiate between unreported income cases and deduction cases. In unreported income cases, once it has been shown through evidence that the Commissioner's determination is arbitrary and erroneous, the ultimate burden of proof or persuasion shifts to the Commissioner. Jackson v. Commissioner, 73 T.C. 394, 401 (1979). This situation is rare and only occurs where the Commissioner has introduced no substantive evidence, and the evidence shows that the claimed tax deficiency arising from unreported income was derived by the government from unreliable evidence. See Jackson v. Commissioner, supra[3]; Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir.1979), rev'g, 67 T.C. 672 (1977). The rationale behind this rule is that a taxpayer should not bear the burden of proving a negative (no unreported income) if the Commissioner can present no substantive evidence to support his deficiency claim. See Cohen v. Commissioner, 266 F.2d 5, 12 (9th Cir.1959).

■ This is a deduction case. At all times the taxpayer must come forward with evidence to support his entitlement to the deduction and the amount of that entitlement. See generally Conforte v. Commissioner, 74 T.C. 1160, 1178 (1980); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir.), cert. denied, 423 U.S. 448, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). When claiming a deduction, the taxpayer has admitted the full amount of income but seeks to pay less than the applicable tax on that income by utilizing available deductions.

---

**2.** Petitioners made a motion to this effect before the Tax Court. The motion was denied.

**3.** In unreported income cases, the government often finds itself trying to reconstruct the accumulation of unreported income obtained through illegal activities. As noted in Jackson v. Commissioner, supra, this difficult task can sometimes lead to unreliable results: "[T]he elaborate construct set out in the deficiency notice, based solely as it was on a secondhand report of peripheral statements made by an unreliable informant, turns out to be sheer gossamer. We consequently find respondent's determination arbitrary and excessive." Id. at 403.

Because the taxpayer is privy to the facts that substantiate a deduction, he must bear the burden of proving his right to, and amount of, a claimed deduction. This stricter burden for deduction cases makes sense because unlike unreported income cases the taxpayer is not required to prove a negative.

Moreover, when a taxpayer challenges the government's disallowance of part or all of a deduction, the Commissioner's original notice of deficiency and the method of calculation of the deficiency at the administrative level is not evidence in the Tax Court. It has no relevancy with respect to the proceeding. The Tax Court undertakes a de novo review.

If the government takes a position against a taxpayer that is not substantially justified and the taxpayer prevails, it is possible that the taxpayer has a remedy for attorney fees under 26 U.S.C. § 7430(a). The taxpayer's remedy is not one of burden shifting as sought by appellants in this case. The judgment of the Tax Court is

AFFIRMED.