AMEY & MONGE, INC., John C. Amis, Jr., President, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

AMEY & MONGE, INC., Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 85–3576, 85–3578.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1987.

Rehearing and Rehearing En Banc Denied March 5, 1987.

---

* Senior U.S. Circuit Judge Albert J. Henderson has elected to participate in further proceedings in this matter pursuant to 28 U.S.C. 46(c).

Harold A. Miller, III, Decatur, Ga., for Amey & Monge, Inc.

Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Robert P. Ruwe, Director, Tax Litigation Div., Office of Chief Counsel, David E. Carmack, William P. Wang, Janet A. Bradley, U.S. Dept. of Justice, Tax Div., Washington, D.C., for C.I.R.

Before RONEY, Chief Judge, EDMONDSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

Corrected January 28, 1987.

TUTTLE, Senior Circuit Judge:

This is an appeal from a Tax Court decision finding substantial deficiencies in the taxes paid for 1977 and 1978 by the corporate taxpayer.

The parties agree that a substantial number of payments were made from the bank accounts of the taxpayer, some of which were for the benefit of the taxpayer in the ordinary course of business and some of which were for the benefit of either one or more officers, stockholders or other persons associated with the taxpayer.

## I. STATEMENT OF THE CASE

The essential facts to be considered by the Court are as follows. There was a close association between the corporate taxpayer, and its principal stockholders, in that the latter owned other corporations for which taxpayer issued a substantial number of corporate checks in payment of services and supplies, including rent and gasoline for personally owned automobiles.[1] In its tax return for the two tax years involved, the corporation merely listed a substantial number of items for which it claimed to have made deductible payments during the corporate year. There was no supporting document to indicate which of the large number of payments claimed to have been from the corporation's bank accounts had been for the benefit of the company and which had been for the benefit of others. Thereupon, the Commissioner sent a notice of deficiency to the taxpayer for the two tax years involved. He determined that the deductions claimed for 1977 and 1978 in the amounts of $111,941.58 and $77,668.55 respectively, were not allowable because the corporation failed to substantiate: (1) That these expenditures were incurred; (2) that the expenditures were incurred for the purposes designated; or (3) that the alleged expenses were deductible pursuant to §§ 162, 167, or any other section of the Internal Revenue Code. The amount disallowed for 1977 was the entire deduction claimed for that year except for the sum of $2,066.00, which the Commissioner allowed for salaries for the corporate officers for 1978. The amount disallowed by the Commissioner for 1978 constituted the total deductions claimed by the corporation.

## II. THE TAX COURT'S FINDINGS OF FACT AND OPINION

Amey and Monge timely filed their petition to the Tax Court to challenge the correctness of the Commissioner's notice of deficiency. Thereafter, petitioners filed a plethora of motions in the Tax Court seeking concessions from the respondent Commissioner. Before, during and after trial, in part pursuant to an order of the Tax Court judge for the parties to seek agreement, respondent conceded that petitioner was entitled to a substantial part of the amount which he had previously disal-

---

[1] The facts are much more detailed in the opinion of the Tax Court in this case *sub nom.*, John C. Amis, Jr. and Gemae Amis, et al. v. Commissioner, 49 T.C.M. 281 (CCH).

lowed, cutting the deficiencies nearly in half.

The case was tried before the Tax Court without any indication on the part of petitioner that the contention which it now makes before this Court was an issue to be decided by the Tax Court. That issue was whether there was proof sufficient to establish the fact that the deficiency notice was excessive and arbitrary and if there was, then the burden should be shifted to the Commissioner to prove the correctness of the remaining disallowed business expenses. Clearly, in the absence of any notice from petitioners of their right to have the burden shifted to the Commissioner, the Tax Court proceeded on the assumption that the burden of proof was on the taxpayer. The entire opinion dealing with deductions is short:

> On its corporate return for taxable years 1977 and 1978, petitioner, Amey and Monge, Inc., claimed deductions in the amount of $114,006.58 and $77,-668.55[17] respectively, for salaries and wages, repairs, rents, taxes, interest, contributions, depreciation, advertising and "other deductions."

> Section 162(a) allows as a deduction all ordinary and necessary business expenses in carrying on a trade or business. Petitioner has the burden to prove that it is entitled to such a deduction. The burden of clearly showing the right to a claimed deduction is on the taxpayer. *Interstate Transit Lines v. Commissioner*, [43–1 USTC par. 9486], 319 U.S. 590, 593 [63 S.Ct. 1279, 1281, 87 L.Ed. 1607] (1943); Rule 142, T.C. Rules of Practice and Procedure.

> Respondent maintains that petitioner, Amey and Monge, Inc., has not met its burden of proof in this instance. As we have previously stated, the proof of any deductions other than those conceded by respondent is not precise, but the record is sufficient to show that Amey and Monge, Inc., is entitled to some business expense deductions other than the salaries and wages conceded by respondent. Based on the record as a whole and using our best judgment, we conclude that for

1977 Amey and Monge, Inc., is entitled to deduct in addition to the amounts conceded by respondent the following:

| | |
|---|---|
| Truck and automobile expenses | $2,000.00 |
| Utilities (which is the only rental expense we find) | 1,800.00 |
| Accounting expense | 610.00 |
| Miscellaneous expenses, including blueprints, business registrations, office supplies, insurance and similar items | 4,605.29 |
| Payroll taxes | 4,818.62 |
| Total | $13,833.91 |

The evidence is even more sparse for 1978 than for 1977. However, based on the record and considering the items shown as deductible in 1977, we conclude that Amey and Monge, Inc., is entitled to the following deductions in addition to the salaries conceded by respondent:

| | |
|---|---|
| Accounting and legal expenses | $ 600.00 |
| Automobile and truck expenses | 1,893.39 |
| Insurance | 100.00 |
| Payroll taxes | 1,000.00 |
| Miscellaneous, including blueprints, office expenses and similar items | 3,000.00 |
| Rent, including utilities | $1,800.00 |
| Total | $8,393.39 |

[17] After concessions by the parties, the amount of deductions in dispute is $49,077.28 and $59,582.92 for 1977 and 1978, respectively.

49 T.C.M. at 288.

From this decision of the Tax Court, Amey and Monge filed a timely notice of appeal.

## III. ISSUES ON APPEAL

Amey and Monge, for the first time, on appeal contend that "the evidence shown by stipulations is overwhelming that the notices of deficiencies were patently arbitrary and capricious." From that premise, they then argued that in such a situation, this Court should hold that the burden of proof shifts to the Commissioner to prove the correctness of each of his disallowances.

As a second issue, appellants contend that "petitioners rebutted the presumption of correctness as to the deficiency determinations and the trial court erred in its computations of income and deductible expenses, so as to require a reversal of the court's computations." We assume the pe-

titioners are intending to say that in some respects, the trial court was clearly erroneous in its findings of fact as to the deductible expenses, since there is no issue before the Court as to the computation of income.

## IV. OPINION

Appellants base their contention that the burden should have shifted to the Commissioner to prove the correctness of his disallowances of expense items on the case of *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935). In *Taylor*, the Court assumed or took it for granted that the evidence before the Board of Tax Appeals was "sufficient to require a finding that the Commissioner's apportionment of total costs as between preferred and common stock was 'unfair and erroneous' " and therefore the Commissioner's determination was excessive. The Court then decided that the case should be remanded to the Board of Tax Appeals to make a finding upon the correct amount. In other words, the Court determined that in such a case, the burden was not on the taxpayer to prove the correct amount of the income which had been criticized by the Commissioner.

First of all, it is to be noted that the *Taylor* case was dealing with an alleged incorrect reporting of income, and not the incorrect reporting of a deduction. This Court has drawn a clear distinction between the two types of cases. In *Gatlin v. CIR*, 754 F.2d 921 (11th Cir.1985), such a case was before this Court and the Court noted that petitioners made a motion before the Tax Court requiring it to shift the burden of proof, action which was not taken in this case. The Court there held:

In determining which party bears the burden of proof, it is necessary to differentiate between unreported income cases and deduction cases. In unreported income cases, once it has been shown through evidence that the Commissioner's determination is arbitrary and erroneous, the ultimate burden of proof or persuasion shifts to the Commissioner. *Jackson v. Commissioner*, 73 T.C. 394, 401 (1979). This situation is rare and only occurs where the Commissioner has introduced no substantive evidence, and the evidence shows that the claimed tax deficiency arising from unreported income was derived by the government from unreliable evidence. *See Jackson v. Commissioner, supra; Weimerskirch v. Commissioner*, 596 F.2d 358 (9th Cir. 1979), *rev'g*, 67 T.C. 672 (1977). The rationale behind this rule is that a taxpayer should not bear the burden of proving a negative (no unreported income) if the Commissioner can present no substantive evidence to support his deficiency claim. *See Cohen v. Commissioner*, 266 F.2d 5, 12 (9th Cir.1959).

This is a deduction case. At all times the taxpayer must come forward with evidence to support his entitlement to the deduction and the amount of that entitlement. *See generally Conforte v. Commissioner*, 74 T.C. 1160, 1178 (1980); *Rockwell v. Commissioner*, 512 F.2d 882, 885 (9th Cir.), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). When claiming a deduction, the taxpayer has admitted the full amount of income but seeks to pay less than the applicable tax on that income by utilizing available deductions. Because the taxpayer is privy to the facts that substantiate a deduction, he must bear the burden of proving his right to, and amount of, a claimed deduction. This stricter burden for deduction cases makes sense because unlike unreported income cases the taxpayer is not required to prove a negative.

754 F.2d at 923 (footnote omitted.)

It is apparent to us that *Gatlin* is wholly consistent with two Supreme Court decisions, *Welch v. Helvering*, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933), and *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935). In *Welch*, which was a case involving *deductions*, the Court held that the Commissioner's "ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong. *Wickwire v. Reinecke*, 275 U.S. 101 [48 S.Ct. 43, 72 L.Ed. 184];

*Jones v. Commissioner,* [7th Cir.1930], 38 F.2d 550, 552." 290 U.S. at 115, 54 S.Ct. at 9. *Taylor,* on the other hand, was an *income* case.

Nevertheless, we consider that it is unnecessary for us to decide the precise issue here because it was not raised before the Tax Court and because we cannot find that the mere concession by the Commissioner that certain items were deductible following his original disallowance of substantially all deductions is proof of "erroneous and arbitrary conduct by the Commissioner" with respect to the entire notice of deficiency. No other evidence tending to prove this fact was tendered in evidence by the taxpayer.

As to the second issue raised by the taxpayer, it fails utterly to point out any specific deduction as to which it claims that the Tax Court's determination that there was a failure of proof by the taxpayer was incorrect.

The judgment of the Tax Court is AFFIRMED.