[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14235
Non-Argument Calendar
_____

Agency No. 1168-11


MICHAEL JACK STEPHENS,

Petitioner-Appellant,

versus


COMMISSIONER OF IRS,

Respondent-Appellee.


_____

Petition for Review of a Decision
of the U.S. Tax Court
_____

(May 8, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Jack Stephens, proceeding pro se, seeks review of the Tax Court's

final decision accepting the Internal Revenue Service's (IRS) tax deficiency

determinations. The central issue is whether the Tax Court erred in its conclusion that Stephens failed to substantiate his claimed deductions. Because we find no error, we affirm.

I.

Stephens was a truck driver and the sole owner of Stephens Southern Express, Inc. (SSEI), a subchapter S corporation. In each year between 2005 and 2008, SSEI timely filed Forms 1120S, U.S. Income Tax Return for an S Corporation. In 2009, the IRS audited these returns and disallowed SSEI's claimed deductions. Because of the disallowance of SSEI's deduction, SSEI had additional taxable income. This meant that Stephens, as the sole shareholder of SSEI, had additional income in those years as well. The IRS sent Stephens Notices of Deficiencies (NOD) for each year.

Stephens filed a petition in Tax Court requesting a redetermination of these deficiencies. The Tax Court held a trial and later issued a written order. At trial, Stephens did not contest the amount of gross income that SSEI received in the relevant tax years. Stephens only challenged the IRS's determination that he was not entitled to the deductions he claimed for each of those years.

The Tax Court's order upheld the IRS's deficiency determinations, finding that Stephens had failed to substantiate his claimed deductions. Stephens then appealed to this Court.

2

II.

We review the Tax Court's factual findings for clear error and its legal conclusions de novo. Estate of Whitt v. Comm'r of Internal Revenue, 751 F.2d 1548, 1556 (11th Cir. 1985). The Commissioner's deficiency determination is presumed correct and the taxpayer has the burden of proving by a preponderance of the evidence that it is incorrect. Id. We read briefs filed by pro se litigants liberally. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Taxpayers bear the burden of submitting evidence that supports their claims of entitlement to a deduction and the amount of that entitlement. Gatlin v. Comm'r of Internal Revenue, 754 F.2d 921, 923–24 (11th Cir. 1985). Every taxpayer is required to keep sufficient records to enable the Commissioner to establish the amount of taxable income. 26 U.S.C. § 6001. When taxpayers' records are lost or destroyed through circumstances beyond their control, they are entitled to substantiate the claimed deductions by use of other credible evidence. Villarreal v. Comm'r of Internal Revenue, 76 T.C.M. (CCH) 920 (1998). However, the Tax Court is not bound to accept a taxpayer's unverified, undocumented testimony. Id.

A.

We first address Stephens's main argument that the Tax Court erred by not allowing SSEI's claimed deductions for business expenses.

3

Upon review of the record and the parties' briefs, we conclude that the Tax Court did not err in finding that Stephens failed to carry his burden of establishing the claimed deductions.  See Gatlin, 754 F.2d at 923–24.  Throughout the proceedings, Stephens failed to produce evidence to substantiate the full amount of deductions that he claimed on SSEI's tax filings.  Although he claimed that his deductions were permissible business deductions, the Tax Court was not bound to accept his unverified assertions.

The case relied on by Stephens, Cohan v. Comm'r of Internal Revenue, 39 F.2d 540 (2d Cir. 1930), does not lead us to a contrary result.  In Cohan, the Second Circuit explained that where there was a basis for some amount of deduction, the Tax Court could make an estimate of business expense deductions when a taxpayer is unable to produce evidence substantiating the exact amount of a claimed deduction.  Id. at 543–44 (concluding Board of Tax Appeals "should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making").

Here Stephens refused to present any receipts of his claimed expenses at trial, instead stating he would "plead the Fifth."  His other testimony regarding expenses was general and did not provide the Tax Court with evidence "establishing the fact and general total amount of the [business] expenses" to allow

an estimation. See Charron v. United States, 200 F.3d 785, 794 (Fed. Cir. 1999). We therefore find no error in the Tax Court's decision.

B.

Stephens makes a number of additional arguments that do not affect our conclusion. First, Stephens challenges the legitimacy of the underlying audit. Generally, the Tax Court will not review the evidence, motives, policies, or procedures that may influence the IRS in making a determination to issue a NOD. Gatlin, 754 F.2d at 923. This is because a trial before the Tax Court is a proceeding de novo. Id. The determination of an individual's tax liability must be based on the merits of the case as presented in the Tax Court and not any previous record developed at the administrative level. Id. We therefore conclude that Stephens's challenges to the underlying audit do not affect his tax liability and the Tax Court correctly declined to address these issues.

Second, Stephens claims a violation of his Seventh Amendment right to a trial by jury. We find no violation because there is no Seventh Amendment right to a jury trial in Tax Court proceedings where a taxpayer is challenging a deficiency amount. See Wickwire v. Reinecke, 275 U.S. 101, 105–06, 48 S. Ct. 43, 45 (1927).

Third, Stephens claims protection under the Fifth Amendment. However, the Fifth Amendment does not apply to tax proceedings where the petitioner fails

to demonstrate a real danger that the production of documents would subject him to prosecution.  Stubbs v. Comm'r of Internal Revenue, 797 F.2d 936, 938 n.2 (11th Cir. 1986).  Stephens has not demonstrated any such danger in this case.

## III.

For these reasons, the Tax Court did not err in determining that the IRS's deficiency determination was correct and we affirm.

**AFFIRMED.**