[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10532

Non-Argument Calendar

_____

BETTY AMOS,

                                                        Petitioner,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

                                                        Respondent.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 4331-18

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Betty Amos appeals the decision of the Tax Court conclusion that she failed to prove her entitlement to deductions for net operating loss ("NOL") carryforwards in her 2014 and 2015 tax returns and that she was liable for negligence penalties for claiming the deductions without adequate documentation.

## I. FACTS

We write only for the parties who are already familiar with the facts. Accordingly, we include only such facts as are necessary to understand our opinion. Briefly, the IRS sent Amos a notice of deficiency in 2018 that determined deficiencies in her 2014 and 2015 tax returns and determined penalties under 26 U.S.C. § 6662(a) for both years. The IRS explained that it had disallowed the claimed NOL carryforward deductions of $4,220,639 for 2014 and $4,149,326 for 2015 on the ground that Amos had not established that she sustained the loss in prior years or that the loss was available to be carried over.

The claimed losses stemmed from 1999 and 2000. In their 1999 return, Amos and her husband[1] claimed losses and showed a NOL available to carry forward of $1,498,512. The couple claimed additional losses in the year 2000, exceeding their income by

---

[1] Her husband died in 2002.

$371,663, leaving that amount available to carry forward. Adding that amount to the $1,498,512 carryforward from 1999, their 2000 return showed $1,870,175 available to carry forward.[2] The IRS audited their 2000 return but ultimately agreed there was no deficiency. As the Tax Court noted, by the 2008 tax return, the claimed NOL carryforward had ballooned to $5,747,514 and by her 2013 return, it had decreased to $4,302,895. Amos petitioned the Tax Court regarding a notice of deficiency with respect to her 2009 tax return; this resulted in a stipulated decision determining a deficiency of $11,545 and additions to tax. The parties stipulated that the deficiency amount did not take into account the NOLs from prior years, with Amos reserving the right to claim NOLs in the future and the IRS reserving the right to challenge any claimed loss.

After a bench trial, the Tax Court first noted that Amos bore the burden of proof to show that the notice of deficiency was erroneous and that she was entitled to the NOL carryforward deductions. It held that she had not "substantiated the items at issue nor maintained adequate records" such that she could shift the burden of proof to the IRS. Doc. 52 at 6. The court concluded that Amos had not established the existence of the NOLs in 1999 and 2000. The court also held that Amos had not shown sufficient details with respect to whether carryforwards had been absorbed in years intervening between 2000 and 2014 such that there were carryforward NOLs available for 2014 and 2015. The court also rejected Amos's argument that the IRS should be estopped from disallowing the

---

[2] The taxpayers elected to forego any carryback in 1999 and 2000.

NOLs because it had not disallowed the NOLs in earlier years; the court stated that by not pursuing this argument that she raised at trial in post-hearing briefing, she had abandoned it. However, the court also rejected it on the merits because the prior allowance of a deduction does not bind the agency and she had not satisfied the requirements for equitable or collateral estoppel. Finally, it sustained the negligence penalty because Amos did not show that she had acted with reasonable cause and in good faith. It cited her failure to keep records and the fact that she was a longtime CPA.

## II. STANDARD OF REVIEW

We review the Tax Court's legal conclusions as well as statutory interpretations de novo. *Greenberg v Comm'r*, 10 F.4th 1136, 1155 (11th Cir. 2021). We review the Tax Court's factual findings for clear error. *Id.* "A finding of fact is clearly erroneous if the record lacks substantial evidence to support it, so that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." *Ocmulgee Fields, Inc. v. Comm'r*, 613 F.3d 1360, 1364 (11th Cir. 2010) (quoting *Atlanta Athletic Club v. Comm'r*, 980 F.2d 1409, 1411–12 (11th Cir. 1993)).

## III. DISCUSSION

### A. NOL Deduction

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving otherwise. *Tucker v. Comm'r of Internal Revenue*, 841 F.3d 1241, 1249 (11th Cir. 2016). Additionally, deductions are a matter of legislative grace, and the taxpayer has the burden of proving his entitlement

to any claimed deduction. *Id.* We have stated that the burden is on the taxpayer to "come forward with evidence to support his entitlement to [a] deduction and the amount of that entitlement." *Gatlin v. Comm'r*, 754 F.2d 921, 923 (11th Cir. 1985)

Taxpayers are required to substantiate expenses underlying each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. *See* 26 U.S.C. § 6001. Taxpayers cannot rely solely on their own income tax returns to establish the losses they sustained. *See Roberts v. Comm'r*, 62 T.C. 834, 837 (1974). Instead, taxpayers are required to "keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." 26 C.F.R. § 1.6001-1.

A taxpayer must comply with 28 U.S.C. § 172(b) to carry forward a NOL from a previous year. "Every taxpayer claiming a net operating loss deduction for any taxable year shall file with his return for such year a concise statement setting forth the amount of the net operating loss deduction claimed *and all material and pertinent facts relative thereto*, including a detailed schedule showing the computation of the net operating loss deduction." 26 C.F.R. § 1.172-1(c) (emphasis added).

In this case, the Tax Court made several rulings, all of which we affirm. We discuss each in turn.

1. Waived Arguments

The Tax Court ruled that Amos had the burden of proving: a) the fact and amount of the NOL originally incurred in 1999 and 2000; and b) the fact and amount of any NOL carryforward to the years 2014 and 2015, as well as the extent to which any such NOL carryforward was absorbed in the intervening years.  The Tax Court also held that Amos had failed to maintain the required records that might have enabled her to shift the burden of proof.  In Amos's brief on appeal, she failed to challenge these holdings and thus has abandoned any such challenge.  *Sapuppo v. Allstate Floridian Ins*. Co., 739 F.3d 678, 680 (11th Cir. 2014).

2. Amos's Challenges to the Tax Court's Rulings

The Tax Court also ruled that Amos is not entitled to the claimed NOL carryforwards for 2014 and 2015 because: a) she failed to provide sufficient evidence of the underlying NOLs in 1999 and 2000; and b) she failed to show that any such 1999-2000 NOL was still available to carry forward for 2014 or 2015, rather than having been absorbed in the intervening years.

To the extent that Amos challenges[3] theses holdings on appeal, any such challenge fails.  In her Statement of the Case, in her brief on appeal, Amos suggests a factual challenge to the Tax Court's findings both with respect to the fact and amount of any losses incurred in 1999 and 2000, and with respect to the fact and

---

[3] Amos's brief does not contain an argument section and instead includes her arguments, to the extent they are made, within her Statement of the Case. Her arguments even there are sketchy and almost entirely without citation of authority.

amount of NOL carryforwards therefrom—i.e., amounts absorbed in the intervening years, and the fact and amount of NOL carryforwards available for 2014 and 2015. To support such a factual challenge, Amos relies primarily on her tax return for the year 2000, on snippets from her tax returns for some of the intervening years and on her "Detail NOL Carryover Worksheet." We agree with the Tax Court that such proof is insufficient to substantiate Amos's entitlement to the claimed carryforwards. The law is clear that "merely signing a tax return under penalty of perjury does not establish the facts contained therein. . . . The tax return signed under penalties of perjury is merely a statement of the petitioner's claim." *Roberts*, 62 T.C. at 837. Moreover, with respect to the worksheet, the Tax Court found that Amos "failed to introduce any support that might lend credence to the specific assertions in her worksheets." Doc 52 at 9.

In her Statement of the Case in her appellate brief, Amos also suggests that the validity of her claimed losses in 1999 and 2000 is supported by her assertion that her 2000 return was audited and resulted in a no deficiency finding. She also suggests that her return was also audited in 2003, 2005, and 2008 and resulted in no deficiency findings; she suggests this also supports the validity of her claimed losses in 1999 and 2000 and the availability of the claimed NOL carryforwards.

With respect to the significance of previous audits, the Tax Court held: a) that Amos abandoned the issue by failing to raise it either in her petition or in her post-trial brief; and b) alternatively,

on the merits, that a deduction condoned or agreed to in a former year does not bind the IRS with respect to other years, leaving the IRS free to challenge it in a succeeding year. Amos's brief on appeal fails to challenge either ruling; thus, Amos has doubly abandoned the Tax Court's abandonment ruling, and has also abandoned any equitable estoppel issue on the merits of whether the prior audits could establish the validity of the NOL carryforwards.

Amos also suggests in her appellate brief that the trial testimony of Vengel supports her claimed losses in 1999 and 2000. Vengel was a manager of the CPA firm that prepared her 1999 and 2000 returns and testified with respect to his firm's representation of Amos during the IRS audit of her 2000 return. To the extent that Amos is suggesting that Vengel's testimony confirmed the fact and amount of the losses claimed on the 1999 and 2000 returns were approved by the IRS in the audit, any such evidence cannot assist Amos because, as set out above, the Tax Court held that a deduction condoned or agreed to in a former year does not bind the IRS in a succeeding year, and because Amos has abandoned any challenge to that ruling. Moreover, contrary to Amos's suggestion, Vengel's testimony did not confirm the fact or amount of losses on Amos's returns. Vengel testified that his firm did not conduct an audit of the materials produced by Amos in 2000 when preparing her tax returns. He clarified:

> [W]e didn't do an audit, so there was no examining. Like we didn't make a selection of transactions, and examine supporting documentation in that sense. We weren't going to that extent. We would look at -- we

23-10532                Opinion of the Court                9

> were doing a review engagement. So under a review engagement, it's a lot of inquiries, and a lot of analytics. Looking at ratios, looking at changes in accounts from one year to another, why things might change, asking clients the question of why this balance is higher than previous years.

Tr. at 28. Thus, Vengel's testimony did not confirm the veracity of the amounts listed as losses on Amos's 2000 return or in her testimony.[4]

With respect to the Tax Court's ruling that Amos failed to show that any 1999-2000 NOL was still available to carry forward for 2014 or 2015 (rather than having been absorbed in the intervening years), Amos suggests in her appellate brief[5] that her challenge is based on her tax returns for the years intervening between 2000 and 2014 and especially her "Detail NOL Carryover Worksheet." However, as noted above, such evidence is insufficient, being merely a statement of the taxpayer's claims. *See Roberts*, 62 T.C. at 837. Moreover, the Tax Court found that Amos failed to introduce

---

[4] Further, even if it were relevant, Vengel's testimony regarding the 2000 tax year audit does not go to proving the larger 1999 NOL because 2000 was also a loss year for Amos and she would have used that loss to offset income instead of the 1999 NOL.

Moreover, in the context of this case—where the losses derive from deemed distributions from subchapter S corporations—proving the deductible amount from NOL carryforwards would also require proof of Amos's adjusted basis of her S corporation stock.

[5] Again, only in her Statement of the Case.

a complete set of her tax returns from 2001 to 2013, and that the snippets that were introduced were insufficient to determine how much of any 1999-2000 NOL carryforward might have been absorbed before 2014. And with respect to Amos's "Detail NOL Carryover Worksheet," the Tax Court also rejected that filing because she "failed to introduce any support that might lend credence to the specific assertions in her worksheets." Doc. 52 at 9; 26 C.F.R. § 1.172-1(c). We cannot conclude that the Tax Court's findings in this regard were clearly erroneous. Amos's appellate brief points to little or no evidence that might bolster the credence of her worksheet other than the testimony of Vengel, but, as noted above, Vengel's testimony does not help Amos. Further, her brief on appeal and the worksheet are odds, with her worksheet alleging different years that she used the NOL carryforward than the brief.[6]

In short, with respect to the NOL carryforward issues, Amos has failed to show that the Tax Court's findings of fact are clearly erroneous, or that it committed errors of law.

---

[6] To the extent that Amos argues the audits in 2003, 2005, and 2008 all resulted in no deficiency findings and therefore support the continuing availability and validity of the NOL carryforwards, we noted above that the Tax Court held that a deduction condoned or agreed to in a former year does not bind the IRS with respect to a succeeding year, and that Amos has abandoned any challenge to that ruling. Moreover, the evidence indicates with respect to the audit of the year 2009 that the IRS did not allow any NOL carryover for that year and reserved the right to challenge NOL carryforwards in future years.

23-10532                Opinion of the Court                11

*B. Accuracy-related Penalties*

Amos argues[7] that the Tax Court erred when it found her liable for the penalty under 26 U.S.C. § 6662(a) because she reasonably believed the NOL to be available after claiming it for multiple years. Section 6662(a) imposes a 20% accuracy-related penalty on underpayment of tax for reasons listed in § 6662(b), including "[n]egligence or disregard of rules or regulations." *Curtis Inv. Co., LLC v. Comm'r of Internal Revenue*, 909 F.3d 1339, 1350 (11th Cir. 2018). The IRS bears the burden of production with respect to a taxpayer's liability for a § 6662(a) penalty and must produce sufficient evidence supporting imposition of the penalty. *See* 26 U.S.C. § 7491(c). If the IRS meets this burden (which IRS has satisfied here because Amos failed to maintain the required records and could not substantiate the claimed deductions), "'[t]he taxpayer bears the burden of establishing that he acted with reasonable cause and in good faith'" with respect to the underpayment to avoid the imposition of misstatement penalties described in 26 U.S.C. § 6662. *Curtis*, 909 F.3d at 1351 (quoting *Gustashaw v. Comm'r*, 696 F.3d 1124, 1134 (11th Cir. 2012)). The regulations instruct that the determination of good faith and reasonable cause is a finding of fact based on the totality of the circumstances. Treas. Reg. § 1.6664-4(b)(1). "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable

---

[7] Again, Amos's argument is only in her Statement of the Case.

in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." *Id.*

Amos argues that she reasonably took the NOL deduction because it had been sustained in earlier audits and successfully defended by a prominent accounting firm. The Tax Court rejected Amos's arguments because the record contains little information regarding the previous tax years, making it impossible to determine if they were pertinent. Indeed, Amos concedes that she no longer has the documents supporting the 2003 audit of the 2000 return. While Amos concedes that she was an accountant, she argues that she was not a tax expert and employed an accounting firm to prepare her returns in 1999 and 2000. But, as the Tax Court stated, the accounting firm did not opine on whether the NOL deduction would be available in 2014 and 2015. Further, while she may not have been a tax expert, the court stated "[i]t beggars belief that she would be unaware that each tax year stands alone and that it was her responsibility to demonstrate her entitlement to the deductions she claimed." Doc. 52 at 11. We agree. It is a basic tenet of tax law that the taxpayer bears the burden of proving entitlement to deductions and retaining records to support them. Amos did neither. We cannot conclude that the Tax Court was clearly erroneous in finding that Amos failed to prove that she acted with reasonable cause and in good faith.

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.