[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12440

Non-Argument Calendar

_____

LORI MICHELLE PATITZ,
ANDREW ROBERT MOODY,

                                        Petitioners-Appellants,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 2784-19

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Petitioners-Appellants Lori Patitz and Andrew Moody, proceeding pro se, appeal the Tax Court's opinion disallowing certain deductions for tax years 2015 and 2016 and its order assessing deficiencies for both years and a penalty for 2016 against them. After careful review, we affirm.

## I.    BACKGROUND

In November 2018, the Internal Revenue Service (IRS) mailed a Notice of Deficiency to Appellants, explaining that they owed income tax for tax years 2015 and 2016, based on deductions claimed on their jointly filed tax return. As relevant, in 2015, Patitz claimed $36,251 in Schedule A deductions. Patitz also claimed $23,046 in Schedule C deductions for personal business expenses in 2015. In 2016, Patitz claimed $37,921 in Schedule A deductions, including $28,074 in medical expenses. Patitz claimed $41,642 in Schedule C deductions for personal business expenses in 2016.

The IRS disallowed all Appellants' itemized Schedule A deductions for 2015, instead crediting them with the standard deduction, and disallowed all Appellants' itemized Schedule A deductions for 2016 except a home interest deduction. It disallowed all Appellants' Schedule C deductions for both years. It determined that Appellants failed to substantiate the Schedule C deductions because they did not establish that the expenses occurred or were

paid during the tax year toward ordinary and necessary business purposes. It concluded that Appellants owed income tax deficiencies for 2015 and 2016 of $7,495 and $15,366, respectively, and penalties under 26 U.S.C. § 6662(a) for 2015 and 2016 of $1,499 and $3,073.20, respectively. Appellants challenged the deficiency judgment and associated penalties.

The Tax Court held a hearing. The Commissioner conceded that Appellants substantiated $18,598.15 in Schedule A medical expenses but insisted that Appellants failed to substantiate the remaining medical expenses, the alleged Schedule A unreimbursed employee expenses, and the alleged Schedule C expenses. At the hearing, the Commissioner submitted records from Patitz's employer, Ricoh USA, Inc. (Ricoh), showing that it reimbursed Patitz in 2015 and 2016 for an unspecified number of business miles on twenty-nine occasions, personal meals on many occasions, parking on five occasions, business meals with clients on five unspecified occasions, lodging on fifteen occasions, and several miscellaneous promotional expenses. Many receipts submitted to substantiate Patitz's tax deductions matched transactions listed in the Ricoh expense reports as reimbursed.

Appellants submitted dated and handwritten receipts for several $2,000 payments with no stated purpose; several hotel receipts; medical and dental bills, some of which indicated payment; receipts for medical supplies; and receipts for postage, parking, office supplies, meals, a laptop computer, and small gifts from various stores. Some medical and dental bills had handwritten notes

indicating the method and date of payment. The exhibits included Patitz's mileage logs from 2015 and 2016. For each entry, Patitz listed the date and miles driven and identified the generic business purpose as "Sales Calls/Customer Visits" but did not specify whether the business was Ricoh or Patitz's insurance business. Patitz testified that she "combined the mileage on those logs" for her Ricoh work and the insurance business in 2015. Patitz was reimbursed for a small portion of the 55,461 business miles in 2015 and 41,480 business miles in 2016.

Patitz testified that Appellants lost about six boxes of records documenting their deductible expenses because of water damage during Hurricane Matthew. When she was reimbursed for a Ricoh expense, she noted the reimbursement on the receipt, then referenced handwritten notes on receipts in evidence.

Patitz further testified about her claimed Schedule C deductions. She operated her insurance business out of her home and claimed a $536 use-of-home deduction. She deducted $1,789 in meals and entertainment for providing food when she met with clients to sell insurance plans. She deducted an additional $987 that she attributed to brochures, pamphlets, and handouts; $192 for LegalShield; $1,487 for repairs and maintenance, but she did "not remember where that came from or what that was"; $365 for errors-and-omissions insurance; $3,650 for the portion of internet use she attributed to the insurance business; $3,345 in office expenses, including gifts to prospective clients; $10,695 in car and truck

expenses, incorporating 12,732 miles attributable to the insurance business and expenses related to roadside assistance and parking.

Despite initially claiming $28,074 in medical expenses, Patitz testified that her deductible medical expenses in tax year 2016 were $41,647.78, and she moved to submit additional medical receipts. She explained that she claimed only expenses related to her father (her dependent), but she did not claim expenses for her three surgeries that year or Moody's children's medical care. She stated that her father's assisted living center charged $3,800 a month, with $1,800 due in a monthly check and $2,000 due in cash. But the IRS only credited her for the check payments. Patitz submitted the handwritten receipts she received for her cash payments into the record. Appellants filed a copy of a letter from Patitz's Aunt Shirley stating that she enclosed $3,000 in cash for Patitz's father's care, with a postscript asking Patitz to "[p]lease pay [her] back" when possible. She offered a spreadsheet summarizing medical receipts with the amounts, dates, vendors, patients, and fees for a total of $16,602.17. But in her post-trial brief, Patitz claimed $48,000 in medical expenses.

Patitz also testified about her Ricoh expenses in 2016. She acknowledged that she "screwed up big time" by claiming deductions for all her mileage, including Ricoh miles and insurance miles, under Schedule C. She stated that, of the total 41,480 miles she claimed for 2016, 31,110 miles resulted from her position with Ricoh and 10,370 miles resulted from her insurance business. She stated that she claimed $4,770 in meals and entertainment based on

credit card statements, even though the receipts on file reflected only $407 in charges. Patitz testified that the credit cards were shut down for fraud so she could not provide more payment information. She claimed $985 in supplies, including postage, marketing materials, and a computer; $2,843 to repair her roof after the hurricane; $386 for an online legal services company; an unspecified amount for errors and omissions insurance, which "went up drastically" because she was courting businesses and not individuals; $3,792 in utilities for faxing, internet, and cloud storage; $16,165 in car and truck expenses; an unspecified amount for travel-related expenses; and a home interest deduction that she withdrew.

The Tax Court issued an opinion finding that Appellants had substantiated some, but not all, of their disputed deductions for 2015 and 2016. Specifically, the Tax Court found that Appellants were credible at the hearing about the claimed deductions for un-reimbursed mileage on behalf of their employers. It allowed Patitz to deduct her Ricoh miles in tax year 2015. But it found that Appellants did not substantiate any meal and entertainment costs or business costs for 2015 or 2016, stating that it was not convinced that Appellants could not access any bank statements, credit card statements, or other evidence to substantiate their claims in place of the receipts allegedly destroyed by Hurricane Matthew.

It also determined that Appellants did not substantiate their claimed medical expenses deductions for tax year 2016. It stated that Appellants did not establish how much they paid of the bills they submitted into evidence because they failed to show they

were not reimbursed by insurance for any expenses and Patitz received money from her family without testifying about repaying the alleged loans. It also stressed, again, that it was "not persuaded" that bank statements, credit card statements, or other evidence could not have substantiated the medical expenditures. The Tax Court found that Appellants did not substantiate any Schedule C deductions for 2015 or 2016 with business records, accounting records, bank statements, or credit card statements.

Finally, the Tax Court determined that Appellants were "liable for accuracy-related penalties under § 6662(a) to the extent Rule 155 computations show there [we]re underpayments and substantial understatements of income tax for 2015 and 2016." After receiving the computations, the Tax Court issued its deficiency order. For 2015, it determined that Appellants owed a deficiency of $5,238 but were not liable for any penalty. For 2016, it determined that Appellants owed a deficiency of $14,241 and were liable for a penalty of $2,848.20. Appellants timely appealed.

## II.    STANDARD OF REVIEW

We review the Tax Court's factual findings for clear error and its legal conclusions de novo. *Creel v. Comm'r*, 419 F.3d 1135, 1139 (11th Cir. 2005). The Tax Court's factual findings based on credibility assessments are entitled to particular deference. *Greenberg v. Comm'r*, 10 F.4th 1136, 1155 (11th Cir. 2021). "A finding of fact is clearly erroneous if the record lacks substantial evidence to support it, so that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been

committed." *Creel*, 419 F.3d at 1139 (quotation marks omitted). The Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving by a preponderance of the evidence that it is incorrect. *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003). Whether an amount is deductible as an ordinary and necessary business expense is a factual finding reviewed for clear error. *See id.*

## III.    ANALYSIS

Appellants argue that the Tax Court erred in disallowing Patitz's claimed Schedule A mileage deduction for 2016 because she provided sufficient evidence to substantiate the unreimbursed miles she drove for her employer. They also argue that the Tax Court erred in disallowing a portion of their claimed medical-expenses deduction for 2016 because they provided sufficient evidence to substantiate their total unreimbursed expenditures. Finally, they claim that the Tax Court erred in disallowing Patitz's claimed Schedule C deductions related to her insurance business because they provided sufficient evidence for the Tax Court to estimate Patitz's business expenses in 2015 and 2016. We address each argument in turn.

### A.

A taxpayer bears the burden of submitting evidence that supports her claim of entitlement to a deduction and the amount of that entitlement. *Gatlin v. Comm'r,* 754 F.2d 921, 923–24 (11th Cir. 1985). "Because the taxpayer is privy to the facts that substantiate a deduction, he must bear the burden of proving his right to,

and amount of, a claimed deduction." *Id*. at 924. Every taxpayer must keep sufficient records to file an accurate tax return and establish claimed deductions. *See* 26 U.S.C. § 6001.

A taxpayer is generally allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a); *see also* Treas. Reg. § 1.162-1(a). "The term 'trade or business', when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162," with some exceptions for public officials and religious employees. 26 U.S.C. § 1402(c). Deductions for employee business expenses are considered "miscellaneous itemized deductions," which means they are deductible only to the extent that in aggregate they exceed two percent of adjusted gross income. *See id*. § 67. Most deductions fall under Schedule A, including those related to working for another party, while self-employment deductions fall under Schedule C.[1]

A taxpayer cannot take a deduction related to property listed in 26 U.S.C. § 280F(d)(4), which includes personal vehicles used for business purposes, without substantiation. 26 U.S.C. § 274(d). A

---

[1] Internal Revenue Serv., 2015 Instructions for Schedule A (2015), https://www.irs.gov/pub/irs-prior/i1040sca--2015.pdf; Internal Revenue Serv., 2016 Instructions for Schedule A (2016), https://www.irs.gov/pub/irs-prior/i1040sca--2016.pdf; Internal Revenue Service, 2015 instructions for Schedule C (2015), https://www.irs.gov/pub/irs-prior/i1040sc--2015.pdf; Internal Revenue Service, 2016 instructions for Schedule C (2016), https://www.irs.gov/pub/irs-prior/i1040sc--2016.pdf.

taxpayer claiming a deduction with respect to a personal vehicle must explain the use of the vehicle, including total mileage and mileage figures for business, commuting, and personal use. Treas. Reg. § 1.274-5T(d)(2)(i).

Appellants argue that because the Tax Court found Patitz credible and allowed the Schedule A mileage deduction for tax year 2015, the Tax Court should have granted the same deduction for tax year 2016. But this argument lacks merit. The IRS and Tax Court had to review each tax year and the requested deductions individually. While the Tax Court found Patitz credible on the mileage deductions, that does not alleviate Patitz's requirement to substantiate the deduction, which she did for tax year 2015 but not 2016. And as Patitz testified at the hearing, she combined mileage for her employment with Ricoh and her self-employment; she could not specify what percentage was used for which employment.[2] Even if Patitz had specified the number of miles attributable to Ricoh, she did not say how many went unreimbursed. And despite Patitz testifying that Ricoh did not reimburse her for mileage in 2016, Ricoh's records showed that she received reimbursement through 2017.

The Tax Court did not clearly err in denying Patitz a deduction for her unreimbursed mileage for Ricoh in 2016 because she did not claim a mileage deduction under Schedule A in 2016 and

---

[2] As the Commissioner correctly notes, at the hearing, Patitz testified that 75 percent of her mileage was for Ricoh, but then in post-trial brief, she asserted 65 percent followed by 75 percent in the post-trial reply brief.

her evidence and testimony did not substantiate the number of miles she wished to deduct or whether those miles were unreimbursed.

## B.

Appellants argue that the Tax Court erred by failing to allow Patitz to deduct her full medical expenses for 2016. They claim she substantiated the claimed expenses with receipts reflecting the names and addresses of the relevant patient and the amount and date of the payment. The Commissioner conceded $18,598 in deductible medical expenses, the amount for which it received documentation showing the amount actually paid by Patitz, as required by the Treasury Regulations. But the Tax Court concluded that Patitz did not show that the other medical bills were paid in full and without insurance reimbursement.

A taxpayer is generally allowed to deduct medical expenses "paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent." 26 U.S.C. § 213(a). To prove she is entitled to a deduction under 26 U.S.C. § 213, a taxpayer must substantiate her medical expenses with "the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." Treas. Reg. § 1.213-1(h). And the taxpayer must satisfy the general substantiation requirements of 26 U.S.C. § 6001.

Despite testifying that she paid the larger medical bills, Patitz failed to substantiate the remaining amounts with payment

information, including dates, amounts, and "the name and address of each party to whom the payment was made." Treas. Reg. § 1.213-1(h).   Patitz substantiated most of the other medical expenses using bills, but many of which did not come with payment information, only Patitz's handwritten notes indicating she paid using "one-time use credit cards."   Thus, Patitz has failed to show her entitlement to the deduction.  *Gatlin*, 754 F.2d at 924.   The Tax Court did not clearly err in finding Appellants failed to substantiate their claimed medical expenses for 2016.

### C.

Appellants argue that the Tax Court erred in disallowing Patitz's claimed Schedule C deductions related to her insurance business because they provided sufficient evidence for the Tax Court to estimate Patitz's business expenses in 2015 and 2016.[3]

---

[3] Patitz asked the Tax Court to apply the *Cohan* rule established in *Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930) and later codified in the Department of Treasury's regulations, to estimate the appropriate Schedule C deductions for 2015 and 2016 from the information she provided because she lost many records of her business expenses in Hurricane Matthew.  If a taxpayer shows that "failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures or use."   Treas. Reg. § 1.274-5T(c)(5).  If records are lost in this way, the Tax Court may rely on "secondary evidence," including "credible testimony" by the taxpayer, to substantiate claimed deductions.  *Boyd v. Comm'r*, 122 T.C. 305, 320-21 (2004).  But the Tax Court is "not bound to accept unverified, undocumented testimony of a taxpayer."  *Villarreal v. Comm'r*, 76 T.C.M. (CCH) 920 (1998).  Here, the Tax Court recognized that Hurricane Matthew caused

First, Appellants argue that Patitz was entitled to a home office deduction. A taxpayer is generally allowed to deduct an expense connected with the use of the taxpayer's home for business "to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis . . . as the principal place of business for any trade or business of the taxpayer." 26 U.S.C. § 280A(c)(1)(A). Like all deductions, Patitz must substantiate the deduction. *Gatlin*, 754 F.2d at 924. Patitz failed to do so because she admitted that she used the home office for both her Ricoh work and her insurance business, meaning the use of her home office would be partially deductible under Schedule A and partially deductible under Schedule C. But she could not explain what portion of time was spent for Ricoh and for her insurance business to substantiate either deduction.

Next, Appellants assert that Patitz was entitled to a deduction for her errors and omissions insurance and business expense such as postage, parking, office supplies, and customer gifts. A taxpayer is generally allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). But like Patitz's other deductions, she has failed to substantiate these. Patitz identified a cost of $365 for the errors and omissions insurance in 2015 but did not provide any information for 2016. Despite providing the cost

---

Appellants to lose some records, but it was not required to accept Patitz's testimony at face value because she did not estimate many of the business expenses that factor into those deductions. *See id.*

for 2015, Patitz did not submit any evidence of payment. As for the other business expenses, Patitz provided receipts for some miscellaneous transactions, but the receipts alone did not establish if the associated expenses were personal or related to her insurance business.

Accordingly, the Tax Court did not err in determining that Appellants did not show that Patitz was entitled to Schedule C deductions related to her insurance business in 2015 or 2016 because they asked the Tax Court to estimate an appropriate deduction from records they provided, but those records did not substantiate any expenses or provide a basis to extrapolate annual deductions.[4]

## IV. CONCLUSION

Thus, we affirm the Tax Court's opinion and deficiency order.

**AFFIRMED.**

---

[4] To the extent that Appellants argue that the Tax Court erred in assessing an accuracy-related penalty against them under 6 U.S.C. § 6662(d)(1)(A), we find that the Tax Court did not err in doing so. The Tax Court did not find that the 2016 penalty was excused by good faith, noting specifically that it did not believe that Patitz could not locate any credit card statements, bank statements, or other evidence to corroborate actual medical and business expenditures. And this court regards the Tax Court's credibility findings with even more deference than other factual findings. *Greenberg v. Comm'r*, 10 F.4th 1136, 1155 (11th Cir. 2021).